BERGDORF *v.* THE LIVE WIRE CLUB OF EUREKA SPRINGS.

5-113                                   258 S. W. 2d 234

Opinion delivered June 1, 1953.

*J. B. Milham* and *C. A. Fuller,* for appellant.

*Festus O. Butt,* for appellee.

WARD, J. Sometime in 1942, a group of public-spirited women of Eureka Springs organized a club known as the Live Wire Club. At the organizational meeting one of the appellants, Edna Bergdorf, was elected President, a position which she held until at least November 22, 1948.

It appears that for some months prior to the date above mentioned a sharp controversy had existed among the members of the Club, principally over the title to certain real property which the Club claimed. This controversy culminated, as appellees contend, in Edna Bergdorf's resigning and organizing a new club under the same name of the original club.

Whether Edna Bergdorf did actually resign her membership in the original club is, we think, the only question to be considered on this appeal.

As contended by appellee, the original club elected Ethel Hill President at the time Edna resigned, and in 1951 Mrs. Mae Farwell was elected President and is now serving as such. Mrs. Farwell says she has been a member of the Live Wire Club for 8 or 10 years.

On the other hand, Edna Bergdorf contends that she never resigned as a member but that in January, 1951, when certain members of the club locked her and others out of a regular meeting, they held a meeting of their own and elected her President, a position which she now claims to hold.

In December, 1951, appellee, acting through its officers, filed a complaint in Chancery Court to the effect that it was the original and authentic Live Wire Club, that it was affiliated with the County Home Demonstration Clubs and the State Federation of Women's Clubs, that it owned certain real property and had money in the bank, but that appellants were attempting to usurp its name and authority and were interfering with the use of

its property. After hearing the testimony the trial judge enjoined appellants from the alleged interference.

If Edna Bergdorf resigned her membership in the original club prior to 1949, then it must follow that the club to which she was subsequently elected President, and which she now represents, was and is entirely distinct from appellee. In our opinion the weight of the evidence sustains the finding of the special chancellor that Edna did so resign her membership.

Lillian Ames, a member of appellee, testified that Edna resigned from the club on November 22, 1948, at the time Ethel Hill was elected President. This testimony was contradicted by Edna and others.

Mrs. Farwell testified that Edna came to her home on one occasion and stated "that she had resigned and had organized her a club," and that she knew Edna "has been using and trying to use the name of the Live Wire Club as the name of her club." This testimony was likewise contradicted.

Mrs. Chandler testified that Edna had resigned from the club and was claiming to have a club of her own. She also testified that Edna called her on the phone and stated that she had resigned. To the same effect was the testimony of Mrs. Mae Hardy.

The above testimony is at least partially corroborated by the minutes of the meeting held in November, 1948, a portion of which reads as follows:

" . . . but very little was done, as Goldie said she had some things she wanted to talk about. She accused Edna, the President, of having the deed to the club house made out in her name, and told her she did not think they could trust her. Then Edna tore up the deed and told them she would resign and they could get them a President they could trust. She also told them she would go with them to make a new deed, but they did not respond, and her sister, Zoe, said she would put in the paper when she did resign. We dismissed early and went home. Elsie Tallant, Secretary."

To lend further support to the special chancellor's view in accepting appellee's version of the conflicting testimony is the established fact that a violent dissension did arise among the members of the original club and that a division of some kind did occur.

In view of the above it is our judgment that the decree of the Chancery Court should be and it is hereby affirmed.